## SHOELIN v STATE.

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 9556.  Decided Dec. 17, 1928.

Bartholomew, Leeper and McGill, Cleveland, for Shoelin.
Carl Shuler, Cleveland, for State.

### VICKERY, J.

As to the first claim, which probably ought to have been taken up last, we do not thnk that this record shows a case which comes within the rule laid down in the Bender case.  We think there was ample evidence in this case to show that this woman was trifficking in intoxicating liquors.  The utensils on the sink, the dumped liquor, the barrel or crock of mash, the attempting to get away with a brown jug and the fact that two men were there that got away, together with the fact that she had before been convicted for violating the liquor law, all go to prove that there was a trafficking in liquor in this place, and this fact, even though a sale could not be proved, took it out of the rule laid down in the Bender case, or rather put it **within** the rule laid down in the

**52**

Bender case. So on the first ground, as we have taken them up, there is no reason why the court should reverse this judgment.

As to the second ground, an examination of the record will show that the motion was not before the court at the time that this hearing was had. If it was filed, it did not appear to get to the court until after the court had heard the case, and, therefore, we cannot say that any error was committed in that respect.

There being no error in this record for which the judgment should be reversed, it will be affirmed.

Sullivan, P J and Levine, J, concur.